**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAPTAIN MELVIN GRESHAM, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-0029 (JR) |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

## MEMORANDUM

Captain Melvin Gresham sues the District of Columbia alleging violations of the District's whistleblower act, D.C. Code § 1-616.11, et. seq., and his First Amendment rights, and for intentional infliction of emotional distress. The District has moved to dismiss. Plaintiff's opposition presented matters outside the complaint, so, on July 29, 2009, I notified the parties that I was treating the District's motion as to the First Amendment claim -- the only claim over which I have original jurisdiction -- as one for summary judgment and ordered them to "present all the material that is pertinent to the motion." Fed. R. Civ. P. 12. Dkt. # 21.

Review of those supplemental materials reveals that plaintiff has failed to show that his injuries resulted from an unconstitutional policy or practice for which the District can be held liable. The District's motion will therefore be granted as to the First Amended claim, and, because I decline to exercise

supplemental jurisdiction over the remaining claims,[1] the case will be dismissed.

## Background

Plaintiff claims that he was retaliated against for his protected speech in violation of his First Amendment rights.  The speech he claims was protected involves three statements or groups of statements.  The first was in October 2007, when, plaintiff asserts, he believes that District lawyers tried to influence him to give false testimony in an employment suit brought against the District by another police officer.  Gresham reported this incident to his own lawyer, who then filed a motion in that case for sanctions against those attorneys.  Gresham's affidavit, attached to that motion, is the allegedly protected speech.  Pl. Opp. MSJ at 1 (citing ex. 2).

The second instance, around April 17, 2008, was Gresham's letter to the Department of Justice complaining that, because he "refused to participate in" the sabotage of another officer's career, he became "the target of a long pattern of retaliation and harassment from" a member of the MPD.  Pl. Opp. MSJ ex. 3.  The letter describes plaintiff's repeated, fruitless complaints within MPD about this conduct, all of which were

---

[1] I will not address the assertion in plaintiff's memoranda of Fourth and Sixth Amendment violations that are nowhere mentioned in the complaint.

allegedly ignored in violation of MPD procedure.  Pl. Opp. MSJ ex. 3.

The third instance was letters plaintiff sent on August 9, 2008, to the Mayor of the District of Columbia, to the FBI, to then-Attorney General Mukasey, to former interim U.S. Attorney for the District of Columbia Jeffery Taylor, and to the U.S. Department of Justice Civil Rights Division, all complaining about a search conducted by the MPD on a rental property he owned, the reporting of that search by a media outlet plaintiff asserts was tipped off by an MPD officer, and the filing by MPD officers of supposedly fraudulent reports about the search.

## Analysis

Summary judgment may be granted when there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  All reasonable inferences are drawn in favor of the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

> [I]n considering whether a plaintiff has stated a claim for municipal liability, the district court must conduct a two-step inquiry.  First, the court must determine whether the complaint states a claim for a predicate constitutional violation.  Second, if so, then the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation.

*Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. 2003) (internal citations omitted).

"The threshold question for a public employee's First Amendment claim is whether the employee spoke as a citizen on a matter of public concern . . .  If so, his speech is protected unless the government can justify treating its employees differently from other citizens, . . .  But if the employee spoke 'pursuant to' his official duties, he cannot claim constitutional protection."  *Winder v. Erste*, 566 F.3d 209, 214 (D.C. Cir. 2009).  A public employee speaks without First Amendment protection "when he reports conduct" that he is obligated to report as part of his "job responsibilities, even if the report is made outside his chain of command."  *Winder*, 566 F.3d at 214-15 (*citing, Thompson v. District of Columbia*, 530 F.3d 914, 917-18 (D.C. Cir. 2008); *Wilburn v. Robinson*, 480 F.3d 1140, 1151 (D.C. Cir. 2007); *cf. Tao v. Freeh*, 27 F.3d 635, 640 (D.C. Cir. 1994)).

The speech for which plaintiff asserts constitutional protection are his complaints about conduct that he was obligated to report.

> All officers (including supervisors and managers who learn of evidence of possible misconduct through their review of an officer's work) shall promptly notify OPR of any conduct by other officers that reasonably appears to constitute . . . 3. An unlawful search of seizure . . . 7. An intentional provision of false information in an MPD or OCCR investigation or in any official report, log, or electronic transmittal of information . . .  Failure to voluntarily report [this conduct] shall be an offense subject to discipline if sustained.

MPD General Order, PER 120.23 IV(b).  Officers must "immediately notify an official when any member . . . has knowledge of any serious or criminal misconduct by another member."  MPD General Order, PER 120.23 V(B)(c).  "Serious misconduct" is defined in part as "any act of retaliation or retribution against an officer or person."  MPD General Order, PER 120.23 III(3)(h).

Defendant of course was also obligated to report the supposed attempt to influence his testimony.  *See*, *Riley v. U.S.*, 647 A.2d 1165, 1171-1172 (D.C. 1994) (attempt to suborn perjury is a crime in the District of Columbia) (*citing*, D.C. Code § 22-103 (1989) (attempt) and D.C. Code § 22-2512 (1989) (subornation of perjury)); *see, also*, D.C. Code § 22-722 (1989) (obstruction of justice).  Nor has plaintiff provided any evidence that Chief Lanier -- the only individual named in plaintiff's papers whose actions could incur liability for the District under § 1983 -- ever learned of his affidavit, let alone that she or anyone at her command took retribution against plaintiff for making it or that she was aware of others doing so.

*     *     *

A district court "may decline to exercise supplemental jurisdiction . . . if . . . [it] has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3).  This is a "purely discretionary" decision. *Carlsbad Technology, Inc. v. HIF Bio, Inc.,* 129 S.Ct. 1862 (2009); *Shekoyan v. Sibley*

*Intern*. 409 F.3d 414, 424 (D.C. Cir. 2005) ("[T]he balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state law claims.") (internal quotation omitted)).  I decline to exercise supplemental jurisdiction here.

      An appropriate order accompanies this memorandum.


                                      JAMES ROBERTSON
                            United States District Judge